UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MINH XUAN TRINH, wife of/and** | * | **CIVIL ACTION NO. _____** |
| **PHI H. NGO** | * | |
| | * | **SECTION:** |
| **Versus** | * | |
| | * | **JUDGE:** |
| **JESSE HUGH SCOTT, TERRACON** | * | **MAG. JUDGE:** |
| **CONSULTANTS, INC., and** | * | |
| **TRAVELERS PROPERTY CASUALTY** | * | |
| **COMPANY OF AMERICA** | * | |
| | * | |
| ************************************ | | |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiffs, MINH XUAN TRINH, wife of/and PHI H. NGO ("Petitioners"), persons of age domiciled in the Eastern District of Louisiana, who respectfully represent:

### I.    PARTIES

1. Plaintiff, Minh Xuan Trinh, is an individual of the full age of majority domiciled in Jefferson Parish, Louisiana, and the wife of Phi H. Ngo.

2. Plaintiff, Phi H. Ngo, is an individual of the full age of majority domiciled in Jefferson Parish, Louisiana, and the husband of Minh Xuan Trinh.

3. Defendant, Jesse Hugh Scott, is an individual of the full age of majority domiciled in Orange County, Texas, and whose address is 970 Leon St., Vidor, TX 77662

4. Defendant, Terracon Consultants, Inc., is a corporation organized in the State of Delaware with a principal place of business located at 10841 S. Ridgeview Rd., Olathe, KS 66061, and which has a registered office in this state located 501 Louisiana Ave., Baton Rouge,

LA 70802, and can be served through its agent for service, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802.

5. Defendant, Travelers Property Casualty Company of America, is a corporation organized in the State of Connecticut with a principal place of business located at One Tower Square, Hartford, CT 06183, and can be served through its agent for service in this state, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809

## II.   JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. 1332(a) as the amount in controversy in this civil matter exceeds the sum or value of $75,000, exclusive of interests and costs, and there is complete diversity between the plaintiffs and defendants.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), as the motor vehicle collision took place in Calcasieu Parish, Louisiana.

## III.   FACTUAL ALLEGATIONS

8. On or about September 7, 2021, Petitioners were travelling northbound on Gum Cove Road in Calcasieu Parish, Louisiana.  At the same time and date, Defendant Scott was travelling northbound on the same road directly behind Petitioners.

9. Petitioners approached the intersection of Goodwin Street and came to a full stop behind a vehicle that was preparing to turn left onto Goodwin Street.

10. Due to his inattentiveness and negligent, wanton, and reckless operation of his vehicle, Defendant Scott failed to see the Petitioners stopped in front of him and slammed into to rear end of their vehicle (the "Accident").

11. At all times relevant to these proceedings, Petitioners exercised all due care, caution, and safety, and obeyed all traffic laws and safety regulations. The Accident occurred through no fault of the Petitioners.

12. On information and belief, and at all times pertinent hereto, the vehicle operated by Defendant Scott was leased by Defendant Terracon.

13. At all times material hereto, Defendant Travelers provided a policy of liability insurance for the vehicle leased by Defendant Terracon and operated by Defendant Scott in the Accident.

### CAUSE OF ACTION I: NEGLIENCE UNDER LA. C.C. ART. 2315

14. All previous paragraphs are incorporated as though fully set forth herein.

15. La. C.C. art. 2315(A) provides that, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

16. Plaintiffs plead that the Accident was solely and proximately caused by the negligence of Defendant Scott, whose negligence consists of the following non-exclusive particulars:

    a. Careless operation of a motor vehicle and failure to maintain proper control;

    b. Failure to maintain a safe distance between him and other motorists;

    c. Failure to keep a proper lookout and see what should have been seen and do what should have been done;

    d. Failure to timely and properly apply the brakes of the motor vehicle;

    e. Disregard for the safety and wellbeing of others; and

    f. Such other acts and omissions as will be shown at trial of this matter, all of which were in contravention of the exercise of due care, prudence, and the laws of Louisiana, which are specially pleaded herein as if copied *in extenso*.

**CAUSE OF ACTION II: VICARIOUS LIABILITY UNDER LA. C.C. ART. 2320**

17. All previous paragraphs are incorporated as though fully set forth herein.

18. In Louisiana, the principle of vicarious liability provides that employers are "answerable for the damage occasioned" by their employees when their employees are exercising the functions of their employment.  La. C.C. art. 2320.

19. Vicarious liability in the employment context imposes liability upon the employer without regard to the employer's negligence or fault.  *Sampay v. Morton Salt Co.*, 395 So. 2d 326 (La. 1981).

20. In such cases, the liability of the employer is derivative of the liability of the employee. *Narcise v. Illinois Central Gulf Rail Co.*, 447 So. 2d 1192 (La. 1983).

21. Defendant Scott operated the vehicle during the course and scope of his employment with Defendant Terracon, and it was used with the permission, consent, and for the benefit of Defendant Terracon.

22. Defendant Terracon knew or should have known of the negligent propensities of its employee, Defendant Scott.  Defendant Terracon is vicariously liable for his negligent acts and/or omissions as aforesaid, as well as liable through the Master-Servant Doctrine or *respondeat superior*.

### IV.    DAMAGES

23. As a result of the Accident, Petitioners were caused to sustain substantial bodily injury, all of which will be shown at the trial of this matter.

24. Petitioners' damages on account of the fault of Defendants include:

    a.  Past, present and future pain and suffering;

b. Past, present and future mental anguish, loss of life's pleasures, embarrassment and humiliation;

c. Past and future medical expenses; and

d. Past and future lost wages, lost benefits, loss of opportunity, and/or reduced earning capacity.

## V.  PRAYER OF RELIEF

WHEREFORE, Petitioners, MINH XUAN TRINH, wife of/and PHI H. NGO, pray that Defendants, JESSE HUGH SCOTT, TERRACON CONSULTANTS, INC., and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, be duly served and cited to appear and answer this Petition, and after all due proceedings had, there be judgment herein in their favor and against the defendants, jointly, severally, and *in solido* for all damages sustained, altogether with legal interest from the date of judicial demand and for costs of these proceedings as well as all other general and equitable relief as may be available.

Respectfully submitted,

/s/ Jean-Marc Bonin
ALEXANDRE E. BONIN      #31054
aeb@boninlawfirm.com
R. CHRISTIAN BONIN      #34865
rcb@boninlawfirm.com
JEAN-MARC BONIN         #36804
jmvb@boninlawfirm.com
**BONIN *LAW***
4224 Canal Street
New Orleans, Louisiana 70119
T (504) 586-0064
F (504) 488-4114
*Attorneys for Plaintiffs*